IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



MICHAEL ANDERSON AND
ALICIA ANDERSON                                             PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 1:09CV224 LG RHW

STATE FARM FIRE AND CASUALTY
COMPANY, An Illinois Corporation                            DEFENDANT

## COMPLAINT
## JURY TRIAL DEMANDED

Come now the Plaintiffs, MICHAEL ANDERSON AND ALICIA ANDERSON, and file this Complaint against the Defendant, State Farm Fire and Casualty Company and for cause would respectfully state unto the Court the following:

I.

### INTRODUCTION

Plaintiffs, Michael Anderson and Alicia Anderson, are named insureds under an insurance contract issued by State Farm Fire and Casualty Company. The insurance contract is assigned Policy No. 24-CE-2140-2. The insurance contract insures a dwelling, dwelling extension, personal property, and additional living expenses. The real and personal property subject of this litigation is located at 102 Palm Avenue, Pass Christian, MS 39571.

II.

## PARTIES

Plaintiffs, Michael Anderson and Alicia Anderson, husband and wife, are adult resident citizens of Harrison County, Mississippi.

The Defendant, State Farm Fire and Casualty Company, ("State Farm"), is an Illinois corporation organized and existing under and by virtue of the laws of the state of Illinois with its principal offices located in Bloomington, Illinois. At all materials times mentioned herein, State Farm provided dwelling and personal property insurance to the Andersons under Policy No. 24-CE-2140-2.

State Farm Fire and Casualty Company may be served with process of this Court in accordance with the Federal Rules of Civil Procedure as follows, to-wit: Honorable Mike Chaney, Commissioner of Insurance, Post Office Box 79, Jackson, MS 39205, and by service upon its registered agent, William E. Penna, 1080 River Oaks Drive, Suite B-100, Flowood, MS 39232-7644.

Joined as a necessary party under Rule 19 of the Federal Rules of Civil Procedure is Keesler Federal Credit Union, which maintained a mortgage on the property subject of this litigation. Keesler Federal Credit Union may be served as follows: Keesler Federal Credit Union, Post Office Box 7001, Biloxi, MS 39534-7001.

III.

## JURISDICTION AND VENUE

Jurisdiction is proper in this Court under 28 U.S.C. Section 1332 on the basis of diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy exceeds the sum of

$75,000.00, exclusive of interest and costs. The dwelling and personal property insured by State Farm at issue in this case were situated in this judicial district, and a substantial part of the events giving rise to the Plaintiffs' claims occurred in this district. Venue is proper in this Court under 28 U.S.C. Section 1391, the general venue statute.

## IV.

## HURRICANE KATRINA

On August 24, 2005, Hurricane Katrina formed in the Atlantic Ocean as a tropical depression. The wind storm moved northwestward through the Bahamas, and gathered strength while moving over the Gulf Stream on August 25, 2005. Katrina became a hurricane a few hours before making landfall in the United States in Dade County/Broward County vicinity of the state of Florida. The storm passed through Florida into the Gulf of Mexico, and was fueled by high water temperatures. On August 28, 2005, Katrina went through a period of rapid intensification, and reached a Category Five status as the storm approached the mouth of the Mississippi River. Katrina's winds reached a peak intensity of 175 miles per hour with a barometric pressure of 902 mb, one of the lowest barometric pressures ever recorded. In addition to the intensive wind activity, Katrina was characterized by her massive size. Unfortunately, the Mississippi Gulf Coast was in the northeast quadrant, or most dangerous area of this historic storm. On August 29, 2005, Hurricane Katrina struck the Mississippi Gulf Coast with catastrophic winds in excess of 125 miles an hour. Properties of the Mississippi Gulf Coast, including the properties subject of this litigation, were buffeted by hurricane force winds for hours and hours, resulting in

massive wind damage across the entire Gulf Coast of Louisiana, Mississippi, and Alabama.

Hurricane Katrina is the most extensive and costly natural windstorm disaster in the history of the United States. On the Mississippi Gulf Coast, over 62,000 homes and business structures were destroyed, and an additional 77,000 homes and structures suffered extensive damage. Tens of thousands of Mississippi residents were left homeless and displaced, including the Plaintiffs, Michael and Alicia Anderson.

V.

### THE STATE FARM CONTRACT

Plaintiffs Michael and Alicia Anderson were insured on August 29, 2005 under an insurance contract issued by the Defendant, State Farm. The insurance contract was issued under Policy No. 24-CE-2140-2. The insurance contract provided the Andersons coverage for risks or perils, including hurricane losses. State Farm agreed to pay the Andersons for loss of dwelling and loss of personal property, as well as other benefits referenced in the contract of insurance. A copy of the declarations page is attached as Exhibit 1. The insurance contract is not available at this time.

VI.

### EFFICIENT PROXIMATE CAUSE

The hurricane force winds spawned by Hurricane Katrina, when the storm struck the Mississippi Gulf Coast on August 29, 2005, set in motion an unbroken sequence between the risks and perils insured by State Farm, and the Plaintiffs' ultimate losses. The hurricane force winds associated with Hurricane Katrina were the efficient

proximate cause of the Plaintiffs' losses. Under the insurance contract existing between the parties, State Farm is liable for the entire loss as suffered by the related plaintiffs.

### VII.

### BREACH OF CONTRACT

As a direct and proximate result of the windstorm associated with Hurricane Katrina, the Plaintiffs' dwelling and personal property were totally destroyed. The losses were reported to State Farm. State Farm initiated the claims process, but ultimately advised the Andersons that State Farm would not be responsible for the losses associated with Hurricane Katrina, despite the fact that the dwelling and personal property were insured by State Farm for hurricane related damages.

The Plaintiffs charge the Defendant State Farm with breach of contract.

State Farm entered into the subject contract of insurance with the Andersons, and clearly and expressly agreed to provide insurance coverage for the Andersons' dwelling and personal property. The Plaintiffs have suffered partial destruction of their dwelling and loss of personal property, and have suffered other damages which were insured under the contract of insurance. State Farm is obligated under the insurance contract for all damages sustained by the Plaintiffs to their dwelling and for their loss of personal property. The Andersons are entitled to specific performance of the contract and indemnification from State Farm for all losses they have suffered, including consequential losses occasioned by State Farm's wrongful breach of the contract existing between the parties. State Farm never advised the Plaintiffs of the availability of additional living expenses under the policy of insurance.

## VIII.

## **ACTUAL DAMAGES**

The Plaintiffs are entitled to full insurance coverage under the subject contract for the damages sustained to their dwelling and personal property, and as provided for under the contract of insurance. The Plaintiffs are entitled to actual damages to cover losses to their dwelling, and actual damages for the loss of their personal property, as provided for under the contract of insurance, and all other damages as may be covered under the contract of insurance, and as may be shown from the evidence.

## IX.

## **CONSEQUENTIAL DAMAGES**

As a direct and proximate result of State Farm's breach of contract, the Plaintiffs have and will suffer consequential damages, including attorneys' fees, expert witness fees, and other costs occasioned by the Defendant's breach of contract, for which the Plaintiffs should be reimbursed by order of the Court in a post trial hearing.

## X.

## **REMEDIES**

The Plaintiffs are entitled to full insurance coverage under the contract of insurance with State Farm, and other such relief as set forth herein, including but not limited to:

    a.    Loss of Dwelling in accordance with the contract of insurance, less sums paid to date.
    b.    Loss of Personal Property in accordance with the contract of insurance, less sums paid to date.

    c.    Loss of Dwelling Extension in accordance with the contract of insurance, less sums paid to date.

    d.    Additional living expenses in accordance with the contract of insurance.

    e.    Consequential damages associated with State Farm's breach of contract, including but not limited to, attorneys' fees, costs of litigation to be determined by the Court in a post trial hearing.

    f.    Pre-judgment and post judgment interest.

    g.    Any and all other legal and equitable relief as deemed appropriate by the Court.

Wherefore, premises considered, Michael Anderson and Alicia Anderson request that upon a trial of this case, judgment will be entered against State Farm Fire and Casualty Insurance Company for full insurance coverage for the damage to their dwelling and personal property, and all other relief, including consequential damages and remedies as prayed for in this Complaint.

Respectfully submitted on this the 20 day of March, 2009.

                              MICHAEL ANDERSON AND
                              ALICIA ANDERSON, PLAINTIFFS

BY: _____
        BEN F. GALLOWAY
        MS. NO. 4390

Owen, Galloway & Myers, P.L.L.C.
1414 25th Avenue
Owen Building
Post Office Drawer 420
Gulfport, MS 39502-0420
(228) 868-2821 - Phone
(228) 868-2813 - Fax
Email: bfg@owen-galloway.com